IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVAS SALES LEAD SERVICES, INC. d/b/a AVAS FLOWERS,<br>Plaintiff,<br><br>v.<br><br>JOHN OR JANE DOE,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:21-cv-01005-MN<br><br><br>PLAINTIFF'S RESPONSE TO<br>ORDER TO SHOW CAUSE |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Avas Sales Lead Services, Inc. d/b/a Avas Flowers ("Avas Flowers" or "Plaintiff") files this Response to this Court's Order to Show Cause [D.I. 9] as follows:

**I.**

**RELEVANT BACKGROUND**

Avas Flowers is a flower delivery company that offers nationwide floral delivery. While it is a Delaware corporation, it works with affiliates nationwide to facilitate its national reach.

Defendant John or Jane Doe ("Doe") is a currently unknown individual who is the administrator of the "Avas Flowers – Scam" Facebook page. As identified in Plaintiff's Verified Complaint [D.I. 1], Doe made several false, defamatory postings about Avas Flowers. Specifically, Doe falsely alleged in multiple postings that Avas Flowers is a scam and that it and/or its call center is based in India.

Plaintiff filed its Verified Complaint [D.I. 1] on July 9, 2021 against Doe, alleging claims for defamation and defamation *per se*. Plaintiff submitted an Ex Parte Motion for Leave to

Subpoena Facebook, Inc. and Related Third Parties on August 9, 2021 [D.I. 3]. On, August 19, 2021 the Court denied the Motion without prejudice [D.I. 4]. On August 31, 2021, Plaintiff filed an Amended Ex Parte Motion for Leave to Subpoena Facebook, Inc. and Related Third Parties in order to address the Court's concerns [D.I. 5]. On April 19, 2022, this Court issued its Order to Show Cause [D.I. 9] in which it ordered Plaintiff to "SHOW CAUSE as to why the Complaint, filed in this Court based on diversity jurisdiction, should not be dismissed for lack of subject matter jurisdiction."

This Response follows.

## II.

## ARGUMENT AND AUTHORITIES

### A. Applicable Legal Standards

Subject matter jurisdiction is governed by 28 U.S.C. § 1332 which provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) Citizens of different States;

As this Court noted in its Order to Show Cause, the United States Court of Appeals for the Third Circuit held in *Mortellite v. Novartis Crop Prot., Inc.* that "John Doe parties destroy diversity jurisdiction if their citizenship cannot truthfully be alleged."[1] However, subsequently this Court held in *Gateway.com LLC v. Doe* that, "Under the circumstances of this case, in which the allegedly defamatory comments did not concern a local matter and could have been posted by anyone in the world connected to the internet, the court follows the reasoning in *Ciolli* and declines

---

[1] *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 494 (3d Cir. 2006).

to question its jurisdiction before plaintiffs have had an opportunity to identify defendants."[2] The Court went on to note that, "Should the court discover at a later stage of the litigation that one or more of defendants is a citizen of Delaware and thus not diverse from plaintiffs, the court will review its jurisdiction pursuant to 28 U.S.C. § 1332."[3]

Several other federal courts have ruled similarly to this Court in *Gateway.com LLC v. Doe*. The United States District Court for the Eastern District of New York held in *Merrill Lynch Bus. Fin. Servs. Inc. v. Heritage Packaging Corp.* that "the mere inclusion of John Doe defendants does not destroy complete diversity" until "it is later found that one or more of the unknown defendants is domiciled such that there is not complete diversity."[4] And the United States District Court for the District of Hawaii held, "The presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed in order for a diversity-based claim to be brought in federal court under § 1332."[5] Further, the United States District Court for the District of Connecticut similarly held that "where the plaintiffs were allegedly harmed by anonymous defendants through no action of their own, they should not suffer from the defendants' 'Doe' status."[6]

---

[2] *Gateway.com LLC v. Doe*, Civ. No. 15-531-SLR, 2015 U.S. Dist. LEXIS 99455, at *4, 2015 WL 4596413 (D. Del. July 30, 2015) (citing *Doe v. Ciolli*, 611 F. Supp. 2d 216 (D. Conn. 2009)).

[3] *Id.*

[4] *Merrill Lynch Bus. Fin. Servs. Inc. v. Heritage Packaging Corp.*, No. 06-CV-3951, 2007 U.S. Dist. LEXIS 71083, at *3, 2007 WL 2815741 (E.D.N.Y. Sept. 25, 2007).

[5] *Macheras v. Ctr. Art Galleries-Haw.*, 776 F. Supp. 1436, 1440 (D. Haw. 1991).

[6] *Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009).

B. **Good Cause Exists to Maintain This Lawsuit**

      This Court should follow its prior decision in *Gateway.com LLC v. Doe* to allow Plaintiff to issue subpoenas to Facebook, Inc. and related third parties, such as related Internet service providers or email service providers, so that Plaintiff may identify Doe's state of citizenship.  Like the circumstances in *Gateway.com LLC v. Doe*, Doe's defamatory statements do not concern a local matter.  Rather, Doe alleges that Avas Flowers is not local anywhere in the United States—specifically alleging that it is instead based in India.  Additionally, like the statements made by the defendant in *Gateway.com LLC v. Doe*, the defamatory statements asserted about Avas Flowers in this case "could have been posted by anyone in the world connected to the internet[.]"[7]  The facts, as they are currently known, do not suggest in any way that Doe is a citizen of the State of Delaware.  As there is nothing to suggest that diversity does not exist in this case, this Court should follow *Gateway.com LLC v. Doe* to allow Plaintiff to obtain Doe's identity so that diversity can be properly considered with all facts unveiled.

### III.
### CONCLUSION

      As this Court's prior holding in *Gateway.com LLC v. Doe* supports maintaining this case at least until Doe's identity can be determined, good cause exists to not dismiss this case.

---

[7] *Id.*

Dated: April 26, 2022

                                                Respectfully submitted,

                                                /s/ Raeann Warner
                                                Raeann Warner, Esq.
                                                Delaware State Bar No. 4931
                                                Jacobs & Crumplar, P.A.
                                                750 Shipyard Dr., Suite 200
                                                Wilmington, DE 19801
                                                Tel: 302-656-5445
                                                Fax: 302-656-5875
                                                Email: Raeann@jcdelaw.com