IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVAS SALES LEAD SERVICES, INC. <br> d/b/a AVAS FLOWERS, <br><br> Plaintiff, <br> v. <br><br> JOHN OR JANE DOE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> Civil Action No. 21-1005-MN-SRF |

## MEMORANDUM ORDER

At Wilmington this **5th** day of **July, 2022**, the court having considered the Amended Ex Parte Motion for Leave to Subpoena Facebook, Inc. and Related Third Parties ("Amended Motion"), filed by plaintiff Avas Sales Lead Services, Inc. d/b/a Avas Flowers ("Plaintiff") (D.I. 5), IT IS HEREBY ORDERED that Plaintiff's motion is DENIED without prejudice.

1. **Background.** Plaintiff is a flower delivery company offering nationwide floral delivery through three floral networks. (D.I. 1 at ¶ 8) To provide flower delivery services, Plaintiff receives orders through its website and obtains flowers from various affiliates. (*Id.*) Plaintiff's business has a strong focus on customer service due to the perishable nature of its product, and Plaintiff maintains refund and replacement policies to ensure customer satisfaction. (*Id.* at ¶ 10) Plaintiff asserts the following facts in its complaint and motion. (D.I. 1; D.I. 5) The court accepts the averments as true for purposes of the pending motion, without making any findings of fact.

2. Defendant is an anonymous individual who runs the Facebook page "Avas Flowers – Scam," which publishes statements accusing Plaintiff of defrauding its customers and allows Facebook users to publicly post comments regarding their customer experiences with Plaintiff. (D.I. 1 at ¶¶ 11-14; D.I. 5, Ex. A at ¶ 7) The Facebook page has been operational since

2015 or 2016. (D.I. 1 at ¶ 11) Since that time, Defendant has encouraged commenters on the Facebook page to file formal complaints with the New Jersey Attorney General and to dispute credit card charges from Plaintiff's business.

3. Plaintiff filed the instant lawsuit on July 9, 2021, asserting claims for defamation against Defendant, an anonymous individual who allegedly runs the Facebook page "Avas Flowers -- Scam." (D.I. 1) The following month, Plaintiff filed a motion to subpoena Facebook in an effort to discover Defendant's identity. (D.I. 3) The court denied the motion without prejudice, finding that Plaintiff had not exhausted other means of identifying Defendant. (D.I. 4)

4. Plaintiff filed the Amended Motion on August 31, 2021, less than two weeks after the court denied the original motion. (D.I. 5) In the Amended Motion, Plaintiff asserts that the information sought will likely include an Internet Protocol address ("IP address") that may either directly identify Defendant or, alternatively, trace to an Internet Service Provider ("ISP") who can identify Defendant. (*Id.* at 3) Plaintiff also seeks leave to issue a subpoena to Defendant's email provider in the event that the discovery reveals Defendant's email address. (*Id.*)

5. **Legal Standard.** "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts have broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery. *See id.*; *see also Bank v. Doe*, 2021 WL 2548990, at *3 (S.D.N.Y. June 22, 2021); *Kone Corp. v. ThyssenKrupp USA, Inc.*, C.A. No. 11-465-LPS-CJB, 2011 WL 4478477, at *3 (D. Del. Sept. 26, 2011). This discretion extends to the timing of service of a third-party subpoena under Rule 45. *See Dish Network L.L.C. v. Motasaki*, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020).

6. Courts in this district have applied the "good cause" standard in cases "where expedited discovery is sought in order to identify unknown or anonymous John Doe defendants." *Reybold Grp. of Cos., Inc. v. Does 1-20*, 323 F.R.D. 205, 208 (D. Del. 2017); *see Strike 3 Holdings, LLC v. Doe*, C.A. No. 18-895-LPS, 2018 WL 5024168, at *1 (D. Del. Oct. 17, 2018); *Vision Films, Inc. v. John Does 1-24*, C.A. No. 12-1746-LPS-SRF, 2013 WL 1163988, at *4 (D. Del. Mar. 20, 2013). In the context of an ex parte motion for discovery, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). The court considers a non-exclusive list of three factors to determine whether good cause exists: "(1) whether Plaintiff has established a *prima facie* showing of [the asserted claim]; (2) whether Plaintiff 'has no other way to identify the alleged wrongdoers, aside from obtaining the discovery at issue;' and (3) whether 'expedited discovery is necessary because evidence identifying the defendants may otherwise be destroyed (e.g., as a result of routine deletion by third party ISPs).'" *Strike 3*, 2018 WL 5024168, at *1 (quoting *Reybold*, 323 F.R.D. at 208).

7. **Analysis.** Plaintiff has not shown good cause to serve a third-party subpoena on Facebook, Inc. under the second factor because it has not remedied the deficiencies identified by the court following the denial of its first motion for leave to serve a subpoena. In denying Plaintiff's original motion, the court explained it was "not convinced that Plaintiff has exhausted other means of identifying the individual (or information that could assist in identifying the individual)," citing case law in which the plaintiff hired a private investigator to determine the IP addresses of alleged copyright infringers. (D.I. 4 (citing *Strike 3 Holdings*, 2018 WL 5024168)). The court indicated that Plaintiff could "refile its motion with a recitation of the additional

3

efforts and a showing of why Plaintiff has 'no other way' to identify Doe without the requested subpoena." (D.I. 4)

8. In the Amended Motion, Plaintiff fails to recite what additional efforts, if any, it has employed to identify Defendant. Plaintiff has made no showing of why it has "no other way" to identify Defendant without the requested subpoena. Judge Noreika provided Plaintiff with an example from the *Strike 3* case wherein the plaintiff hired private investigators to determine the IP addresses of alleged copyright infringers. (D.I. 4 (citing *Strike 3 Holdings*, 2018 WL 5024168, at *1)). Similarly, in *Vision Films* the plaintiff engaged a computer forensic vendor to identify alleged infringers who were using an online media distribution system to copy and share files of a copyrighted motion picture. *See Vision Films*, 2013 WL 1163988, at *1-2. The vendor used publicly available databases to trace the identified IP addresses to general geographic areas purportedly within Delaware. *Id.*

9. Here, Plaintiff does not explain how it has complied with the court's order dated August 19, 2021. (D.I. 4) There is no indication that it hired a private investigator or a vendor with expertise in computer forensics to identify Defendant. Plaintiff provides no report or declaration from an investigator confirming there is no way to identify Defendant's IP address from any publicly available databases or forensic techniques, or that Facebook exclusively controls the identifying information. Instead, Plaintiff recites in conclusory fashion that it has made reasonable efforts to obtain more information, without describing any steps it has taken to identify the alleged wrongdoer short of seeking a third-party subpoena.

10. **Conclusion.** For the foregoing reasons, Plaintiff's Amended Ex Parte Motion for Leave to Subpoena Facebook, Inc. and Related Third Parties is DENIED without prejudice. (D.I. 5) In the event Plaintiff renews its motion for ex parte discovery, Plaintiff shall provide a

detailed description of the additional efforts it has made to identify Defendant and explain why "no other way" exists to identify Defendant without the requested subpoena.

11. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

12. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: July 5, 2022

_____
Sherry R. Fallon
United States Magistrate Judge