IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVAS SALES LEAD SERVICES, INC. d/b/a AVAS FLOWERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-1005-MN-SRF |
| JOHN OR JANE DOE, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER IN-PART AND**
**REPORT AND RECOMMENDATION IN-PART**

At Wilmington this **15th** day of **September, 2022**, the court having considered the Third Ex Parte Motion for Leave to Subpoena Facebook, Inc.[1] and Related Third Parties, filed by plaintiff Avas Sales Lead Services, Inc. d/b/a Avas Flowers ("Plaintiff") (D.I. 14), IT IS HEREBY ORDERED that Plaintiff's motion for ex parte discovery is DENIED. IT IS FURTHER RECOMMENDED that this civil action be dismissed without prejudice.

1. **Background.** Plaintiff is a flower delivery company offering nationwide floral delivery through three floral networks. (D.I. 1 at ¶ 8) To provide flower delivery services, Plaintiff receives orders through its website and obtains flowers from various affiliates. (*Id.*) Plaintiff's business has a strong focus on customer service due to the perishable nature of its product, and Plaintiff maintains refund and replacement policies to ensure customer satisfaction. (*Id.* at ¶ 10) Plaintiff asserts the following facts in its complaint and motion. (D.I. 1; D.I. 14)

2. Defendant is an anonymous individual who runs the Facebook page "Avas Flowers – Scam," which publishes statements accusing Plaintiff of defrauding its customers and allows Facebook users to publicly post comments regarding their customer experiences with

---

[1] Meta Platforms, Inc. was formerly known as Facebook, Inc. *See* https://money.cnn.com/quote/profile/profile.html?symb=FB (last visited on August 17, 2022).

Plaintiff. (D.I. 1 at ¶¶ 11-14; D.I. 14, Ex. A at ¶ 7) The Facebook page has been operational since 2015 or 2016. (D.I. 1 at ¶ 11) Since that time, Defendant has encouraged commenters on the Facebook page to file formal complaints with the New Jersey Attorney General and to dispute credit card charges from Plaintiff's business.

3.    Plaintiff filed the instant lawsuit on July 9, 2021, asserting claims for defamation against the anonymous Defendant. (D.I. 1) The following month, Plaintiff filed a motion to subpoena Facebook in an effort to discover Defendant's identity. (D.I. 3) The motion was denied based on the court's finding that Plaintiff had not exhausted other means of identifying Defendant. (D.I. 4) Plaintiff renewed the motion on August 31, 2021, and the renewed motion was denied for failure to rectify the deficiencies identified in the original motion. (D.I. 5; D.I. 13)

4.    Now pending before the court is Plaintiff's third motion for leave to subpoena Facebook. (D.I. 14) Plaintiff asserts that it has remedied the deficiencies in the prior motions by hiring a private investigator to identify Defendant, but the private investigator was unable to ascertain Defendant's identity. (*Id.* at 3) Plaintiff alleges that the subpoena is likely to lead to information, such as an Internet Protocol address ("IP address"), that may either directly identify Defendant or, alternatively, trace to an Internet Service Provider ("ISP") who can identify Defendant. (*Id.* at 4) Plaintiff also seeks leave to issue a subpoena to Defendant's email provider in the event that the discovery reveals Defendant's email address. (*Id.*)

5.    **Legal Standard.** Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Nonetheless, courts have broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery. *See id.*; *see also Bank v. Doe*, 2021 WL

2

2548990, at *3 (S.D.N.Y. June 22, 2021); *Kone Corp. v. ThyssenKrupp USA, Inc.*, C.A. No. 11-465-LPS-CJB, 2011 WL 4478477, at *3 (D. Del. Sept. 26, 2011). This discretion extends to the timing of service of a third-party subpoena under Rule 45. *See Dish Network L.L.C. v. Motasaki*, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020).

6. To determine whether discovery should be expedited in advance of a Rule 26(f) conference, courts apply the good cause standard. *See Strike 3 Holdings, LLC v. Doe*, C.A. No. 18-895-LPS, 2018 WL 5024168, at *1 (D. Del. Oct. 17, 2018); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2046.1 (3d ed. 2011). In the context of an ex parte motion for discovery, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). The court considers a non-exclusive list of three factors to determine whether good cause exists: "(1) whether Plaintiff has established a prima facie showing of [the asserted claim]; (2) whether Plaintiff 'has no other way to identify the alleged wrongdoers, aside from obtaining the discovery at issue;' and (3) whether 'expedited discovery is necessary because evidence identifying the defendants may otherwise be destroyed (e.g., as a result of routine deletion by third party ISPs).'" *Strike 3*, 2018 WL 5024168, at *1 (quoting *Reybold Grp. of Cos., Inc. v. Does 1-20*, 323 F.R.D. 205, 208 (D. Del. 2017)).

7. The plaintiff's prima facie showing on a claim for defamation under the first prong of the good cause standard must introduce evidence satisfying the summary judgment standard. *Doe v. Cahill*, 884 A.2d 451, 457 (Del. 2005). "[T]he summary judgment standard is the appropriate test by which to strike the balance between a defamation plaintiff's right to protect his reputation and a defendant's right to exercise free speech anonymously." *Id.* at 460.

Requiring facts sufficient to defeat a summary judgment motion before the identity of an anonymous defendant is revealed through the compulsory discovery process "protect[s] against the chilling effect on anonymous First Amendment internet speech that can arise when plaintiffs bring trivial defamation lawsuits primarily to harass or to unmask their critics." *Id.* at 459.

8.   In *Doe v. Cahill*, the Delaware Supreme Court found *Dendrite International, Inc. v. Doe No. 3* persuasive authority for adopting a standard more stringent than either a motion to dismiss or the good faith standard. 884 A.2d at 459-60 (citing *Dendrite Int'l, Inc. v. Doe*, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001)). This court also finds *Dendrite* persuasive and analogous to the instant case. *Dendrite* involved a defamation action brought by a corporate plaintiff against John Doe defendants for posting messages on an ISP bulletin board. 775 A.2d at 759-60. The *Dendrite* court affirmed the denial of the requested discovery based on the conclusion that the corporate plaintiff failed to establish the requisite elements of its defamation claim under a standard more stringent than that of a motion to dismiss. *Id.* at 771-72.

9.   **Analysis.** Because Plaintiff has not shown good cause to serve a third-party subpoena on Facebook, Inc. under any of the three factors, Plaintiff's motion is denied.

10.   <u>Prima facie case of defamation and defamation per se</u>. The elements of a defamation claim under Delaware law are as follows: "(1) the defendant made a defamatory statement; (2) concerning the plaintiff; (3) the statement was published; and (4) a third party would understand the character of the communication as defamatory." *Page v. Oath Inc.*, 270 A.3d 833, 842 (Del. 2022) (quoting *Doe v. Cahill*, 884 A.2d 451, 463 (Del. 2005)). The court may determine as a matter of law whether a reasonable person would interpret a statement to be defamatory. *Cahill*, 884 A.2d at 467. Plaintiff's complaint and the Neuenhaus Declaration identify five allegedly defamatory statements which were made on Defendant's Facebook page.

4

(D.I. 1 at ¶¶ 15, 18, 21, 24, 27; D.I. 14, Ex. A at ¶¶ 11, 14, 17, 20, 23) The allegedly defamatory nature of these comments is their suggestion that Plaintiff is not a local business. On this record, Plaintiff has not made a prima facie showing of the first and fourth elements of a defamation claim under the applicable summary judgment standard. *See Cahill*, 884 A.2d at 463.

11.     The first allegedly defamatory statement identified in the complaint states as follows:

> Yes they claim to be local and the[sic] are very sneaky about it. Tip:.[sic] A real florist will always have a physical address listed. If you go to Ava's[sic] website and look at the very bottom it shows their physical address being in New Jersey, Even[sic] though everybody knows all their call centers are overseas.

(D.I. 1 at ¶ 15) The allegedly false portion of this posting is that Plaintiff is "very sneaky" about claiming it is a local business. (*Id.* at ¶ 16) But this statement cannot "reasonably be read to state or imply provably false and defamatory facts" about Plaintiff. *Cousins v. Goodier*, --- A.3d ----, 2022 WL 3365104, at *11 (Del. Aug. 16, 2022). The statement turns on the poster's personal view of what is "sneaky," and ordinary readers of this posting would understand the use of this adjective as the poster's subjective impression that is not "objectively verifiable as true or false." *Id.* Moreover, the statement cannot "be reasonably understood to imply defamatory and provably false facts about the subject" because the underlying implication that Plaintiff is not a local business is not defamatory for the reasons set forth at ¶ 12, *infra*. *Id.* at *12. Because Plaintiff has not shown that this statement is defamatory as a matter of law, there is no prima facie showing of defamation with respect to the first allegedly defamatory statement identified in the complaint.

12.     The second allegedly defamatory statement identified in the complaint states:

> Gayla Nesgoda they only truly have one United States location, in New Jersey. My understanding is that is a small warehouse for when they ship flowers via UPS. They have a call center in India, Mexico, and somewhere else in Asia I forget right off where exactly.

5

(D.I. 1 at ¶ 18) The allegedly false portion of this statement, as identified by the complaint, is that Plaintiff "has a call center in India." (*Id.* at ¶ 19) The allegedly defamatory nature of this statement is the implication that Plaintiff holds itself out as a local business when it is not. But truth is an affirmative defense to defamation under Delaware law, and the Neuenhaus Declaration does not deny that Plaintiff maintains call centers abroad in locations such as Mexico or Asia. (D.I. 14, Ex. A at ¶¶ 14-16); *see Barker v. Huang*, 610 A.2d 1341, 1350 (Del. 1992). Although the Neuenhaus Declaration repeatedly states that it has no call centers in India, it conspicuously avoids any representation that it maintains no call centers abroad. (D.I. 14, Ex. A at ¶¶ 16, 19, 22, 25) Plaintiff does not explain how a statement about call centers located in India is uniquely defamatory as compared to a statement about call centers located in Mexico or Asia. Because Plaintiff has failed to present evidence that it has no call centers abroad, Plaintiff cannot meet its burden to show that the statement is defamatory as a matter of law.

13.     The third allegedly defamatory statement says, "Don't put the blame solely on local shops. They're working with a fraction of what they're paid for each order. The simplest solution is to shop local and not from some website that's based in India[.]" (D.I. 1 at ¶ 21) The allegedly false portion of this statement, as identified by the complaint, is that Plaintiff's "website is based in India." (*Id.* at ¶ 22) The Neuenhaus Declaration confirms that Plaintiff's website is not based in India. (D.I. 14, Ex. A at ¶ 19) However, Plaintiff fails to prove the defamatory character of the communication or a third party's understanding of the communication's defamatory character. "A defamatory communication is one that tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Harrison v. Hodgson Vocational Tech. High Sch.*, 2007 WL 3112479, at *2 (Del. Super. Ct. Oct. 3, 2007) (internal citations and

quotation marks omitted). Plaintiff has not shown how a false statement regarding the location of its website harms its reputation or damages its business. To the extent that the alleged harm stems from the implication that Plaintiff is not a local business, it is noteworthy that Plaintiff does not identify the location of its website in the complaint or the Neuenhaus Declaration, nor does it deny that the website is based abroad. *See* ¶ 12, *supra*. Moreover, the Neuenhaus Declaration implicitly confirms that Plaintiff is not a local flower business by stating that Plaintiff operates its business nationwide. (D.I. 14, Ex. A at ¶ 4) Thus, Plaintiff has not met its burden to show that this statement is defamatory as a matter of law.

14.     The fourth allegedly defamatory statement is "They're a call center based in India." (D.I. 1 at ¶ 24) The allegedly false portion of this statement, as identified by the complaint, is that Plaintiff "is a call center based in India." (*Id.* at ¶ 25) The Neuenhaus Declaration confirms that Plaintiff does not have a call center based in India. (D.I. 14, Ex. A at ¶ 22) For the reasons previously explained at ¶¶ 12-13, *supra*, Plaintiff has failed to establish the defamatory character of this statement. Plaintiff has made no showing of how a false statement regarding the location of its call center damages its reputation. The implication that Plaintiff is not a local business cannot form the basis of Plaintiff's defamation claim because Plaintiff has not denied that it maintains call centers abroad. Consequently, Plaintiff has not shown that this statement is defamatory as a matter of law.

15.     The fifth and final allegedly defamatory statement is: "They're in India. Probably Calcutta. No point in wasting your time with the BBB as they have absolutely no authority over any business." (D.I. 1 at ¶ 27) The allegedly false portion of this statement is that Plaintiff "is in India, or specifically, Calcutta." (*Id.* at ¶ 28) The Neuenhaus Declaration confirms that Plaintiff is not located in India or Calcutta, and it is incorporated in Delaware with its principal office in

Newark, Delaware. (D.I. 14, Ex. A at ¶ 25) However, for the reasons set forth at ¶¶ 12-14, *supra*, Plaintiff has failed to establish that the client-facing aspects of its business are domestic, and the Neuenhaus Declaration confirms that Plaintiff's business operates nationwide. (*Id.* at ¶ 4) In the absence of any evidence that Plaintiff is a local business, Plaintiff cannot establish as a matter of law that this statement is defamatory.

16.     Unavailability of Defendant's identity. Plaintiff has not adequately shown that there is no alternative means of obtaining Defendant's identity in the absence of a subpoena to Facebook, Inc. and possibly to other ISPs and/or email providers. Although the declaration of private investigator Joseph Jones verifies that he is qualified to conduct cyber investigations, questions remain regarding the scope of the forensic investigation performed by Mr. Jones in this instance. (D.I. 14, Ex. B) The declaration lacks key details, failing to indicate when the investigation was performed or whether Mr. Jones is self-employed or associated with a firm, company, or practice. The description of the search methods used suggests that Mr. Jones' investigation was limited to reviewing publicly available information on the "Avas Flowers—Scam" Facebook page and clicking on associated links. (*Id.* at ¶¶ 3-4) The court cannot verify the scope or diligence of Mr. Jones' alleged investigation based on the declaration provided. As a result, Mr. Jones' opinion regarding the necessity of a subpoena to Facebook is not persuasive.

17.     Risk of destruction of evidence. The risk of routine deletion by third party ISPs is widely recognized within this district as a factor weighing in favor of expedited discovery to determine the identity of an anonymous defendant. *See, e.g.*, *Strike 3*, 2018 WL 5024168, at *2 (finding that expedited discovery was necessary because evidence identifying the defendants was at risk of being destroyed during routine deletion by ISPs); *Vision Films, Inc. v. John Does 1-24*, C.A. No. 12-1746-LPS-SRF, 2013 WL 1163988, at *4 (D. Del. Mar. 20, 2013) (same); *Digital*

*Sin, Inc.*, 279 F.R.D. at 241-42 (same). However, Plaintiff provides no evidence or specific allegations regarding the typical frequency of any routine deletions of identifying evidence by ISPs. Plaintiff also fails to acknowledge the passage of time since it first brought its motion more than a year ago as it pertains to this factor. The urgency typically associated with this factor is not present on the record before the court. Therefore, this factor weighs against a finding of good cause.

18. <u>Recommended dismissal</u>. Over the span of a year, Plaintiff has sought the requested subpoena three times. (D.I. 3; D.I. 5; D.I. 14) Each time, Plaintiff has failed to satisfy the good cause standard. (D.I. 4; D.I. 13) Plaintiff represents that this action cannot proceed without further identifying information regarding Defendant. (D.I. 14 at 2) Because Plaintiff admits that the action cannot proceed without the requested relief, and because Plaintiff has failed to satisfy its burden to obtain the requested relief despite being given multiple opportunities to do so, I recommend that the court dismiss this action without prejudice. This paragraph is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1 and is subject to de novo review. All other portions of this ruling are subject to the clearly erroneous standard as indicated at ¶ 20, *infra*.

19. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiff's Third Ex Parte Motion for Leave to Subpoena Facebook, Inc. and Related Third Parties is DENIED. (D.I. 14) IT IS FURTHER RECOMMENDED that the court dismiss this action without prejudice.

20. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order.

Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

    **21.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: September 15, 2022

                                                                  Sherry R. Fallon
                                                                   United States Magistrate Judge